Helen I. Zeldes (SBN 220051)
*helen@coastlaw.com*
Andrew J. Kubik (SBN 246902)
*andy@coastlaw.com*
**COAST LAW GROUP, LLP**
1140 S. Coast Hwy 101
Encinitas, CA 92024
Tel: (760) 942-8505
Fax: (760) 942-8515

Craig L. Briskin (*pro hac vice forthcoming*)
*cbriskin@findjustice.com*
**MEHRI & SKALET, PLLC**
1250 Connecticut Avenue, Northwest
Suite 300
Washington, DC  20036
Telephone: (202) 822-5100
Facsimile: (202) 822-4997

Attorneys for Plaintiff
Robert Wilde and the Putative Class

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WILDE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONSTAR MORTGAGE LLC, d/b/a MR. COOPER,<br><br>Defendant. | Civil Case No.: **'18 CV 1043 WQH AGS**<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

1.     Plaintiff Robert Wilde ("Plaintiff") brings this action, on behalf of himself and all others similarly situated, for restitution, damages, declaratory relief and/or injunctive relief for Nationstar Mortgage, LLC's d/b/a Mr. Cooper's ("Mr. Cooper") failure to pay interest on Plaintiff's mortgage escrow/impound account. Plaintiff alleges on personal knowledge, investigation of his counsel, and on information and belief as follows:

## JURISDICTION AND VENUE

2.     This Court has personal jurisdiction over the Defendant because Defendant has conducted and continues to conduct business in the State of California, and because Defendant has committed the acts and omissions complained of herein in the State of California.

3.     This court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. 1332(d), as Plaintiff (California) and Defendant (Texas and Delaware) are diverse, there are over 100 class members, and the amount in controversy exceeds $5 million.

4.     Venue is proper in the Southern District of California, because a substantial portion of the acts giving rise to this action occurred in this district and the property secured by the mortgage at issue is located in the City of San Diego, CA.

## PARTIES

5.     Plaintiff Robert Wilde is, and at all times mentioned herein was, an individual citizen of the State of California and resident of San Diego County.

6.     Defendant Mr. Cooper is a Delaware corporation with its principal place of business in Coppell, Texas. Mr. Cooper is a residential mortgage lender and loan servicer licensed by the Commissioner of Business Oversight pursuant to the California Financing Law and the California Residential Mortgage Lending Act.

7.     Mr. Cooper is one of the largest mortgage originators and servicers in the United States, with a servicing portfolio of approximately $500 billion and more than 3 million customers.

8.    Mr. Cooper's parent company, Nationstar Mortgage Holdings, Inc. trades on the New York Stock Exchange under the symbol NSM.

## INTRODUCTION AND STATEMENT OF FACTS

9.    Mr. Cooper failed to pay interest on Plaintiff's mortgage escrow balance as required by law.

10.    The Federal Dodd-Frank Act further directly and specifically expresses a policy that consumers should retain the interest gained on their escrow accounts. Congress has mandated that "[i]f prescribed by applicable State or Federal law, each creditor shall pay interest to the consumer on the amount held in any impound, trust, or escrow account that is subject to this section in the manner as prescribed by that applicable State or Federal law."  15 U.S.C. §1639d(g)(3).  This requirement is in line with regulations of the United States Department of Housing and Urban Development ("HUD"), which states that: "[w]here escrow funds are invested, the net income derived from this investment must be passed on to the mortgagor in the form of interest…. in compliance with any state and/or regulatory agency requirements governing the handling and/or payment of interest earned on a mortgagor's escrow account."  HUD Handbook 4330.1, Rev-5, § 2-5.

11.    California law requires that the interest gained on the escrow accounts be disbursed back to the mortgagor every year, and when the mortgage is terminated. Civil Code §2954.8(a) states:

> Every financial institution that makes loans upon the security of real property containing only a one-to-four-family residence and located in this state or purchases obligations secured by such property and that receives money in advance for payment of taxes and assessments on the property, for insurance, or for other purposes relating to the property, shall pay interest on the amount so held to the borrower. The interest on such amounts shall be at the rate of at least 2 percent simple interest per annum. Such interest shall be credited to the borrower's account annually or upon termination of such account, whichever is earlier. …. No financial institution subject to the provisions of this section shall impose any fee or charge in connection with the maintenance or

3
**CLASS ACTION COMPLAINT**

disbursement of money received in advance for the payment of taxes and assessments on real property securing loans made by such financial institution, or for the payment of insurance, or for other purposes relating to such real property, that will result in an interest rate of less than 2 percent per annum being paid on the moneys so received.

12.    Defendant systematically ignores the law and fails to disburse the interest from escrow accounts back to its customers.

13.    Plaintiff entered into mortgage contracts with Defendant, wherein, based on the terms of the contracts, he was required to deposit funds into an escrow account. Mr. Cooper was required to pay interest on the escrow account back to Plaintiff if applicable laws so required.  The standard terms of the Deed of Trust include the following provision (emphasis added):

> **3. Funds for Escrow Items**. Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is Paid in full, a sum (the "Funds") to provide for payment or amounts due to; (a) taxes and assessments and other items which can attain priority over this Security instrument as a lien or encumbrance on the Property; (b) leasehold payment or ground rents on the Property, is any; (c) premiums for any and all insurance required by Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items."… **Unless an agreement is made in writing <u>or Applicable Law requires interest to be paid on the Funds</u>, Lender shall not be required to pay Borrower any interest or earnings on the Funds.**

14.    Plaintiff has continuously, and on a timely basis, deposited funds into his escrow account for the year 2017. Plaintiff deposited $994.04 per month for first six months of 2017 and $975.24 per month for second 6 months of 2017 in order to pay for property taxes and home insurance.

15.    Plaintiff's impound account balance with Defendant averaged approximately $4,680.00 for 2017.

16.    Pursuant to Civil Code § 2954.8, Defendant should have paid Plaintiff approximately $94 in interest for 2017.

17.    Upon preparing his tax return for 2017, Plaintiff noticed that Mr. Cooper had not sent him a Form 1099-INT, which would have reported how much interest

Defendant had paid Plaintiff on his escrow balance for 2017.

18.    On February 20, 2018, Plaintiff emailed Mr. Cooper requesting a Form 1099-INT for the 2017 tax year.

19.    On February 21, 2018, a representative for Mr. Cooper responded by stating, incorrectly, that the reason for Defendant's failure to issue an IRS Form 1099-INT was because Plaintiff's account accrued less than $10.00 of interest. The representative went on to admit that "Mr. Cooper is required to pay interest on some escrow accounts."

20.    On February 22, 2018, Plaintiff responded to the Mr. Cooper representative via email and alerted the representative to his/her error in computing the interest owed on Plaintiff's escrow account. Mr. Cooper responded on the same day stating that "additional research is needed" and a Plaintiff would "receive a letter of resolution within 7-10 days after [Mr. Cooper's] review of [Plaintiff's] account."

21.    On March 11, 2018, Plaintiff had not yet received a response from Mr. Cooper, so he followed up.

22.    The next day, Mr. Cooper responded via email that Plaintiff would receive a letter of acknowledgement from an "assigned Customer Relations Specialist within 5 business days."

23.    Several days later, Plaintiff received a letter from Mr. Cooper dated March 13, 2018 stating Mr. Cooper would "provide a response no later than April 20, 2018."

24.    As of the date of the filing of this Complaint, Plaintiff has not received a response from Mr. Cooper regarding Defendant's failure to pay interest on Plaintiff's escrow account for the year 2017.

25.    Mr. Cooper paid Plaintiff interest on his impound account and sent him a Form 1099-INT for each of the years 2014-2016.

/ / /

/ / /

## CLASS ACTION ALLEGATIONS

26.    Plaintiff brings this action on behalf of himself and all others similarly situated pursuant to Fed. R. Civ. Proc. 23(a) 23(b)(2), and/or 23(b)(3).  The proposed class is defined as follows:

> All owners of one-to-four family residences located in California secured by a mortgage loan serviced by Mr. Cooper and/or Nationstar Mortgage and who maintained an impound account through Mr. Cooper for any time during the relevant period (May 23, 2014 through the date of class notice) and did not receive 2% simple interest on the balances of their impound accounts during the Class Period (hereinafter referred to as the "Class").

27.    Excluded from the Class are any entity in which Defendant has a controlling interest, officers or directors of Defendant, and the judge and court staff assigned to this case.

28.    Plaintiff reserves the right under Rule 23 to amend or modify the Class descriptions with greater specificity or further division into subclasses or limitation to particular issues, based on discovery.

29.    The members of the Class are so numerous that their individual joinder is impracticable.  The number of mortgages held by Defendant number in the thousands throughout the California, which is a reflection of the number of putative Class members in this action.  In as much as the class members may be identified through business records regularly maintained by Defendant and its employees and agents, and through the media, the number and identities of class members can be ascertained.  Members of the Class can be notified of the pending action by e-mail, mail, and supplemented by published notice, if necessary

30.    There are questions of law and fact common to the Class.  These questions predominate over any questions affecting only individual class members.  These common legal and factual issues include, but are not limited to: a) whether Defendant has systematically engaged in a conduct that is a per se violation of state and federal laws with respect to the disbursement of the interest accrued on impound accounts back

to its customers; b) whether Defendant's conduct breached the mortgage agreements with its customers; c) whether Defendant must provide restitution and reimbursement in the amount of interest accrued on escrow accounts to its customers based on the causes of action asserted herein; d) whether declaratory and/or injunctive relief is appropriate to prohibit Defendant from engaging in this conduct in the future; and (e) whether Defendant's conduct is likely to deceive a reasonable consumer or is otherwise an unfair business practice.

31.    The claims of Plaintiff are typical of the claims of each member of the Class.  Plaintiff, like all other members of the Class, is owed restitution arising from Defendant's violations of laws, as alleged herein.  Plaintiff and the members of the Class were and are similarly or identically harmed by the same unlawful, deceptive, unfair, systematic, and pervasive pattern of misconduct engaged in by Defendant.

32.    Plaintiff will fairly and adequately represent and protect the interests of the Class members and has retained counsel who are experienced and competent in complex and class action litigation.  There are no material conflicts between Plaintiff's claims and those of the Class that would make class certification inappropriate.  Counsel for the Class will vigorously assert the claims of all Class members.

33.    This suit may be maintained as a class action because questions of law and fact common to the Class predominate over the questions affecting only individual members of the Class and a class action is superior to other available means for the fair and efficient adjudication of this dispute.  The damages suffered by individual class members are small compared to the burden and expense of individual prosecution of the complex and extensive litigation needed to address Defendant's conduct.  Further, it would be virtually impossible for the members of the Class to individually redress effectively the wrongs done to them.  Even if Class members themselves could afford such individual litigation, the court system could not.  In addition, individualized litigation increases the delay and expense to all parties and to the court system resulting from complex legal and factual issues of the case.  Individualized litigation also

presents a potential for inconsistent or contradictory judgments. By contrast, the class

action device presents far fewer management difficulties; allows the hearing of claims

which might otherwise go unaddressed because of the relative expense of bringing

individual lawsuits; and provides the benefits of single adjudication, economies of

scale, and comprehensive supervision by a single court.

34. This action is properly maintained as a class action pursuant to Fed. R.

Civ. Proc. 23(b) because:

a. Without class certification and determination of injunctive, statutory

and other legal questions within the class format, prosecution of separate actions by

individual members of the Class will create the risk of:

i. Inconsistent or varying adjudications with respect to individual

members of the Class which would establish incompatible standards of conduct for the

parties opposing the Class; or

ii. Adjudication with respect to individual members of the Class which

would as a practical matter be dispositive of the interests of the other members not

parties to the adjudication or substantially impair or impede their ability to protect their

interests;

b. The parties opposing the Class have acted or refused to act on grounds

generally applicable to each member of the Class, thereby making appropriate final

injunctive or corresponding declaratory relief with respect to the Class as a whole; or

c. Common questions of law and fact exist as to the members of the Class

and predominate over any questions affecting only individual members, and a Class

Action is superior to other available methods of the fair and efficient adjudication of the

controversy, including consideration of:

i. The interests of the members of the Class in individually controlling

the prosecution or defense of separate actions;

ii. The extent and nature of any litigation concerning controversy

already commenced by or against members of the Class;

iii. The desirability or undesirability of concentrating the litigation of the claims in the particular forum;

iv. The difficulties likely to be encountered in the management of a class action.

## COUNT I

**(Violation of the Unfair Competition Law, Cal. Bus. & Prof. Code 17200 et seq.)**

35.    Plaintiff incorporates by reference all prior paragraphs as though set forth herein.

36.    Defendant's conduct is "unlawful" as a result of failing to pay interest in escrow/impound accounts as required by Cal. Civil Code §2954.8 and 15 U.S.C. §1639d(g)(3) as alleged herein.

37.    Defendant's conduct is "fraudulent" because is likely to deceive a reasonable consumer. Defendant's conduct does and is likely to deceive because Defendant promises to pay interest pursuant to applicable law, but then, without notice, fails to pay interest as promised.

38.    Defendant's conduct is "unfair" because the injury to consumers is substantial, the injury was not avoidable by consumers, and Defendant's unfair conduct does not provide any corresponding benefit to California consumers. There are reasonably available alternatives to further Defendants' legitimate business interest, other than the conduct described herein.

39.    Plaintiff lost approximately $94 in interest. Multiplied by the thousands of other customers of Defendant who are owed money pursuant to Civil Code §2954.8, the injury is substantial. The injury was not avoidable by Plaintiff and the Class, because Defendant decided to stop paying interest unilaterally. Plaintiff's and Class members' injuries are not outweighed by any countervailing benefits, if any.

40.    Plaintiff relied on Defendant's misrepresentation that it would pay interest on his escrow/impound account. Specifically, Plaintiff viewed and read section 3 of his

9

Deed of Trust that states: "[u]nless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds."

41.    Plaintiffs and members of the California public have suffered injury in fact and lost money as a result of Defendant's acts of unlawful, fraudulent, and unfair competition as alleged herein.

42.    Unless enjoined and restrained by a court of law, Defendant will continue to commit the foregoing violations with respect to Plaintiff, Class members, and other members of the general public of the State of California.

43.    Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiffs are entitled to restitution of the interest Defendant wrongfully withheld and an order requiring Defendant to comply with California and Federal law regarding the payment of interest on escrow/impound accounts.

## <u>COUNT II</u>

### (Breach of Contract)

44.    Plaintiff incorporates by reference and re-alleges all paragraphs previously alleged herein.

45.    Defendant was bound by the mortgage agreements with Plaintiff and the Class.   Specifically, section 3 of Plaintiff's Deed of Trust that states: "[u]nless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds."

46.    Plaintiff, and all others similarly situated, did all, or substantially all, of the significant things that the agreements required them to do.

47.    Meanwhile, Defendant failed to perform the terms of the agreements to comply with applicable state and federal law in being required to pay interest accrued on Plaintiff and the Class' escrow/impound accounts back to Plaintiff and Class members, as set forth above, thereby breaching the agreements.

**CLASS ACTION COMPLAINT**

48.     As a result, Plaintiff and the Class members have been harmed by Defendant's breach of contract.

## COUNT III

### (Money Had and Received)

49.     Plaintiff incorporates by reference and re-alleges all paragraphs previously alleged herein.

50.     Defendant has obtained money from Plaintiff and the Class members by the exercise of undue influence, menace or threat, compulsion or duress, and/or mistake of law and/or fact.

51.     As a result, Defendant has in its possession money which in equity belongs to Plaintiff and the Class members which should be refunded to Plaintiff and the Class members.

## COUNT IV

### (Negligence)

52.     Plaintiff incorporates by reference and re-alleges all paragraphs previously alleged herein.

53.     As a general rule, persons have a duty to use due care to avoid injury to others, and may be held liable if their careless conduct injures another person.  (See Civ. Code § 1714.)

54.     Defendant had and continues to have a duty to maintain its customers' escrow accounts pursuant to the requirements of federal and state laws and to prevent unlawful withholding of the interest accrued on the escrow accounts through its own wrongful acts.  Specifically, Defendant owed a duty of care to Plaintiff and the Class members to follow state and federal laws and regulations in disbursing interest accrued on customers' funds held in escrow accounts back to the customers, instead of keeping the interest for its own profits.

55.     Defendant breached this duty by unreasonably mishandling the accounts of Plaintiff and the Class members by unlawfully retaining the interest accrued on the

escrow accounts of Plaintiff and the Class members.

56.     As a proximate result of Defendant's negligence, Plaintiff and each class member has been damaged in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Class, respectfully requests that the Court grant the following relief against Defendant:

1. An order certifying the Plaintiff's claims for class treatment and appointing Plaintiff as representative plaintiff and his counsel Coast Law Group LLP and Mehri & Skalet, PLLC as class counsel;

2. An order enjoining Defendant under California Business and Professions Code §§ 17203:

    a. To cease such acts and practices declared by this Court to be an unlawful, fraudulent, or an unfair business act or practice, a violation of laws, statutes, or regulations, or constituting unfair competition;

    b. To disgorge all profits and compensation improperly obtained by Defendant as a result of such acts and practices declared by this Court to be an unlawful, fraudulent, or unfair business act or practice, a violation of laws, statutes, or regulations, or constituting unfair competition;

3. For damages for Plaintiff's claims for breach of contract, money had and received, and negligence;

4. Attorney's fees and costs pursuant to Cal. Code Civ. Proc § 1021.5;

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**CLASS ACTION COMPLAINT**

1    5.  For prejudgment interest to the extent allowed by law;

2    6.  For such other and further relief as the Court deems appropriate.

3

4    Dated: May 25, 2018                    Respectfully submitted,

5                                           **COAST LAW GROUP LLP**

6
                                           By: /s/ *Helen I. Zeldes*
7                                          Helen I. Zeldes, Esq. (SBN 220051)
                                           helen@coastlaw.com
8                                          Andrew J. Kubik
9                                          andy@coastlaw.com (SBN 246902)

10                                         Craig L. Briskin (*pro hac vice* forthcoming)
11                                         cbriskin@findjustice.com
                                           MEHRI & SKALET, PLLC
12                                         1250 Connecticut Avenue, Northwest
13                                         Suite 300
                                           Washington, DC  20036
14                                         Telephone: (202) 822-5100
15                                         Facsimile: (202) 822-4997

16
                                           Attorneys for Plaintiff
17                                         Robert Wilde and the Putative Class

18

19

20

21

22

23

24

25

26

27

28

**CLASS ACTION COMPLAINT**